UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 32 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No.  3:09-cv-02083-RNC **(Consolidated)** |
| | ) ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | SETTLEMENT AGREEMENT |
| vs. | ) ) ) | |
| TEREX CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

This Settlement Agreement, dated March 27, 2019 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section III hereof) to the above-entitled Litigation: (i) Lead Plaintiffs Sheet Metal Workers Local 32 Pension Fund and Ironworkers St. Louis District Council Pension Fund and additional plaintiff Sheet Metal Workers Local #218(S) Pension Fund ("Plaintiffs") (on behalf of themselves and each of the Settlement Class Members), by and through their counsel of record in the Litigation; and (ii) Defendants Terex Corporation ("Terex" or the "Company"), Thomas J. Riordan and the Dismissed Defendants, by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

Beginning on December 21, 2009, three related actions were filed in the United States District Court for the District of Connecticut as securities fraud class actions on behalf of purchasers and acquirers of Terex common stock.  The consolidated actions are referred to herein as the "Litigation."

On September 13, 2010, the Court appointed Sheet Metal Workers Local 32 Pension Fund and Ironworkers St. Louis District Council Pension Fund as Lead Plaintiffs pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approved Lead Plaintiffs' selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

The operative complaint in the Litigation is the Consolidated Class Action Complaint for Violations of Securities Laws (Corrected) (the "Complaint") filed on December 3, 2010.  The Complaint alleges violations of §§10(b) and 20(a) of the Exchange Act on behalf of a class of all

purchasers and acquirers of Terex common stock between February 20, 2008 and February 11, 2009, inclusive.

The Complaint alleges violations of the Exchange Act premised on allegedly false and misleading statements and omissions regarding Terex's accounting practices and financial condition.

On January 18, 2011, Defendants moved to dismiss the Complaint.

By Ruling and Order dated March 31, 2018, the Court granted in part and denied in part the Defendants' motion to dismiss.  The Court dismissed all claims against the Dismissed Defendants, dismissed the §20(a) claim against Mr. Riordan, and narrowed the remaining §10(b) claims against Terex and Mr. Riordan.

Following the Court's ruling on the motion to dismiss, in October 2018, the parties to the Litigation commenced mediation efforts under the auspices of the Honorable Daniel Weinstein (Ret.).  In the months following, Judge Weinstein engaged in numerous discussions and communications with the parties to explore a potential resolution of the matter.  On February 8, 2019, the parties agreed on the amount of the Settlement Fund and the negotiated key terms of the Settlement.

II.     **ASSERTIONS AND DENIALS OF THE SETTLING PARTIES AND THE BENEFITS OF THE SETTLEMENT**

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiffs are also mindful of the problems of proof, and possible defenses to the securities law violations asserted in the Litigation.  Plaintiffs believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class

- 2 -

Members, is in the best interests of the Plaintiffs and the Settlement Class Members, and is fair, reasonable, and adequate.

Defendants, individually and collectively, have denied and continue to deny each and all of the claims and contentions alleged in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants further deny that the Plaintiffs or Settlement Class have suffered damages, that the price of Terex common stock was artificially inflated during the Settlement Class Period as the result of any alleged misrepresentations, omissions, non-disclosures or otherwise by Defendants, and that any Terex investors were harmed by the conduct alleged in the Complaint.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also considered the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, acting on behalf of themselves and all Settlement Class Members, and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation, the Released Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation shall be finally, fully, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, and the Litigation shall be

dismissed on the merits and with prejudice as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

1. **Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3 "Claims Administrator" means Gilardi & Co. LLC.

1.4 "Complaint" means the Consolidated Class Action Complaint for Violations of Securities Laws (Corrected), filed in the Litigation on December 3, 2010.

1.5 "Court" means the United States District Court for the District of Connecticut.

1.6 "Defendants" means Terex, Jonathan D. Carter, Ronald M. DeFeo, Tim Ford, Thomas J. Riordan, and Philip Widman.

1.7 "Dismissed Defendants" means Jonathan D. Carter, Ronald M. DeFeo, Tim Ford, and Philip Widman.

1.8 "Effective Date" means the first date by which each of the conditions specified in ¶8.1 of the Stipulation have occurred or have been waived.

1.9 "Escrow Account" means the interest-bearing account controlled by the Escrow Agent into which Defendants shall deposit or cause their insurance carriers to deposit the sum of $10,000,000 on behalf of Defendants.

1.10 "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP, or its successors.

1539804_3

1.11    "Fee and Expense Application" shall have the meaning set forth in ¶7.1 of this Stipulation.

1.12    "Fee and Expense Award" shall have the meaning set forth in ¶6.2(c) of this Stipulation.

1.13    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirtieth (30th) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirtieth (30th) day; and (iii) if a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ or request for judicial review that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and costs or expenses or the Plan of Allocation of the Settlement Fund.

1.14    "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a Judgment approving the proposed Settlement.

1.15    "Judgment" means the judgment to be rendered by the Court, in the form attached hereto as Exhibit B, or such other substantially similar form mutually agreed to by the Settling Parties.

1.16    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.17    "Lead Plaintiffs" means Sheet Metal Workers Local 32 Pension Fund and Ironworkers St. Louis District Council Pension Fund.

1.18    "Litigation" shall have the meaning set forth in Section I of this Stipulation.

1.19    "Net Settlement Fund" shall have the meaning set forth in ¶6.2(d) of this Stipulation.

1.20    "Notice" shall have the meaning set forth in ¶4.1 of this Stipulation.

1.21    "Notice Order" means the preliminary approval order as entered by the Court for mailing and publication of notice.

1.22    "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.23    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court.  Any Plan of Allocation is not part of this Stipulation and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

- 6 -

1.24    "Proof of Claim" shall have the meaning set forth in ¶5.2 of this Stipulation.

1.25    "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

1.26    "Released Claims" shall collectively mean any and all claims (including Unknown Claims as defined in ¶1.40 hereof), rights, demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this action, by or on behalf of Plaintiffs or any other Settlement Class Members against any of the Released Parties that have been alleged or could have been alleged in this action (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of both (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in this action (or

- 7 -

in any forum or proceeding or otherwise), and (ii) Plaintiffs' or any other Settlement Class Member's purchase, acquisition, holding, or sale or other disposition of Terex common stock purchased during the Settlement Class Period.  Released Claims do not include or release the derivative action styled *Derrer v. DeFeo*, Case No. 3:10-cv-00550-RNC, but only in respect of the derivative claims that were asserted in that action.  Additionally, Released Claims do not release or otherwise impact any claims to enforce the terms of the Stipulation.

1.27    "Released Parties" means each and all of the Defendants, and each and all of their respective Related Parties.

1.28    "Settlement" means the settlement contemplated by this Stipulation.

1.29    "Settlement Amount" shall have the meaning set forth in ¶2.1 of this Stipulation.

1.30    "Settlement Class," "Settlement Class Members," or "Members of the Settlement Class" mean all Persons who purchased or acquired the publicly-traded common stock of Terex from February 20, 2008 through and including February 11, 2009, and who were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, members of each Defendant's immediate family, any entity in which any Defendant has or had a controlling interest, directors of Terex during the Settlement Class Period, and Defendants' legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

1.31    "Settlement Class Period" means the period between February 20, 2008 and February 11, 2009, inclusive.

1.32    "Settlement Fund" means the principal amount of Ten Million U.S. Dollars ($10,000,000), plus any accrued interest earned thereon.

1.33    "Settling Parties" means, collectively, Plaintiffs, on behalf of themselves and each of the Settlement Class Members, and the Defendants.

- 8 -

1.34    "Stipulation" means this Settlement Agreement, including the recitals and Exhibits hereto.

1.35    "Summary Notice" shall have the meaning set forth in ¶4.1 of this Stipulation.

1.36    "Supplemental Agreement" shall have the meaning set forth in ¶8.3 of this Stipulation.

1.37    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

1.38    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.8 hereof.

1.39    "Terex" means Terex Corporation.

1.40    "Unknown Claims" means collectively any Released Claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the**

- 9 -

**release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

**2.  The Settlement**

**a.  The Settlement Fund**

2.1   In consideration of the terms of this Stipulation, Defendants shall pay or cause their insurers to pay the sum of $10,000,000 (the "Settlement Amount") into the Escrow Account no later than fifteen (15) calendar days after entry of the Court's order preliminarily approving the Settlement.  If the agreed upon sum is not timely transferred to the Escrow Account, after giving Defendants ten (10) calendar days to cure any such nonpayment, the Settlement may be voided at the option of Plaintiffs.  In the event that complete payment instructions have not been received by Defendants on or before the date preliminary approval is granted, then the fifteen (15) calendar days shall run from the date on which Defendants receive such payment instructions.

1539804_3

2.2    Subject to ¶¶2.9 and 6.1 below, the payment described in ¶2.1 is the only payment to be made by or on behalf of Defendants in connection with this Settlement.

### b.    The Escrow Agent

2.3    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Settlement Fund shall bear all risks related to the investments of the Settlement Amount.

2.4    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Lead Counsel and Defendants' counsel.

2.5    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.7    Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Settlement Fund the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, administering and distributing the Net Settlement Fund to Authorized Claimants and processing Proofs of Claim.  In the event that the Settlement does not become Final, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to Defendants or their insurers.  Subject to ¶¶2.9 and 6.1 below, Defendants are not responsible for, and shall not be liable for, any costs incurred in connection with providing notice to the Settlement Class, locating

- 11 -

Settlement Class Members, administering and distributing the Settlement Fund, or processing Proofs of Claim.

### c.   Taxes

2.8     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses shall be

- 12 -

paid out of the Settlement Fund; in no event shall Defendants or their Related Parties have any responsibility for, or liability whatsoever with respect to, the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither Defendants, nor their Related Parties are responsible therefor nor shall they have any liability with respect thereto. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(d)     Except as required by ¶2.1 concerning payment of the Settlement Amount and subject to ¶¶2.9 and 6.1 below, neither Defendants, nor their Related Parties are responsible for Taxes, Tax Expenses, costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, or paying escrow fees and costs, nor shall they be liable for any claims with respect thereto.

### d.     Termination of the Settlement

2.9     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Amount, including accrued interest, less the expenses and Taxes described in ¶¶2.7 and 2.8 hereof actually incurred or due and owing, shall be

refunded to such Persons that paid the Settlement Amount pursuant to written instructions from Defendants' counsel.

### 3.    Certification of the Settlement Class

3.1    Solely for purposes of this Settlement, and subject to approval by the Court, the Settling Parties agree that the Settlement Class shall be certified and Lead Plaintiffs and Lead Counsel shall be appointed as representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23.  Should the Settlement Class not be certified, or should any court attempt to amend the scope of the Settlement Class, each of the Settling Parties reserves the right to void this Stipulation in accordance with ¶8.5 hereof.

### 4.    Notice Order and Final Approval Hearing

4.1    No later than March 27, 2019, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Notice Order, in the form of Exhibit A attached hereto, or such other substantially similar form mutually agreed to by the Settling Parties, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for mailing a settlement notice ("Notice"), in the form of Exhibit A-1 attached hereto, or such other substantially similar form agreed to by Lead Counsel and Defendants' counsel, and publication of a summary notice ("Summary Notice"), in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by Lead Counsel and Defendants' counsel.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶7.1 below, and the date of the Final Approval Hearing.

4.2    Within ten (10) business days of entry of the Notice Order, Terex shall provide to the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of

- 14 -

registered owners of Terex common stock between February 20, 2008 and February 11, 2009, inclusive.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

4.3     Terex shall no later than ten (10) calendar days following the filing of this Stipulation with the Court serve or cause to be served proper notice of the proposed Settlement upon those who are entitled to receive notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA").  Terex is solely responsible for the costs of the CAFA notice and administering the CAFA notice.

4.4     The Settling Parties shall request that after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to CAFA as set forth in ¶4.3 above, the Court hold a Final Approval Hearing and approve the Settlement of the Litigation as set forth herein. At or after the Final Approval Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5.     Releases**

5.1     Upon the Effective Date, without any further action by anyone, Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim.  It is an important element of the Defendants' participation in the Settlement, which Plaintiffs hereby acknowledge, that the Released Parties obtain the fullest possible legally enforceable release from further liability

- 15 -

to any Settlement Class Member relating to the Released Claims, and it is the intention of the Settling Parties that all further liability of the Defendants and each of their Related Parties relating to the Released Claims hereby be eliminated.  The releases and waivers contained in this section were separately bargained for and are essential elements of this Stipulation and the Settlement.

5.2     The Proof of Claim and Release form ("Proof of Claim") to be executed by Settlement Class Members shall release all Released Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto, or such other substantially similar form mutually agreed to by Lead Counsel and Defendants' counsel.

5.3     Upon the Effective Date, Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

5.4     Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Settlement Class Members, and their counsel, employees, successors and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of (i) the Litigation or (ii) the Released Claims.

6.     **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Claims Administrator will be subject to such supervision and direction from the Court and/or Lead Counsel as may be necessary or as circumstances may require.  Other than

Terex's obligation to provide its stockholders' records as provided in ¶4.2 above, the Released Parties shall have no responsibility for or interest in whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Plaintiffs, Settlement Class Members, or Lead Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the fees and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.8 hereof;

(c)     to pay Plaintiffs' attorneys' fees and expenses if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

- 17 -

6.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.4     Within one hundred twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, in the form of Exhibit A-2 attached hereto, or such other substantially similar form mutually agreed to by Lead Counsel and Defendants' counsel, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.

6.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

6.6     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and

the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to the review by the Court pursuant to ¶6.8 below.

6.7     Proofs of Claim that do not meet the submission requirement may be rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶6.8 below.

6.8     If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency, desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the mailing of the notice required in ¶6.7 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

6.9     Each Claimant who declines to be excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All

proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

6.10    Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimus*.  Any *de minimus* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate shall be donated to an appropriate, non-profit organization selected by Lead Counsel.

6.11    This Settlement is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurers.  Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.12     No Person shall have any claim against Plaintiffs, Lead Counsel, Defendants, their Related Parties, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.  This does not include any claim by any party for breach of this Stipulation.

6.13     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

**7.     Plaintiffs' Attorneys' Fees and Expenses**

7.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) payment of expenses, including an award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), and the fees of any experts or consultants, incurred in connection with prosecuting the Litigation; plus (c) any interest on such fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

7.2     The Fee and Expense Award, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees and expenses among

- 21 -

counsel for Plaintiffs in a manner in which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and resolution of the Litigation.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall be obligated, within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, to refund to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification.  Lead Counsel, as a condition of receiving the Fee and Expense Award, agrees that the law firm and its partners are subject to the jurisdiction of the Court for the purpose of enforcing this provision, and are each jointly and severally liable and responsible for any required repayment. Without limitation, Lead Counsel and its partners agree that the Court may, upon application of the Defendants and notice to Lead Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Lead Counsel fail to timely repay fees and expenses pursuant to this provision.

7.3     The procedure for and the allowance or disallowance by the Court of any applications by counsel for the Plaintiffs for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or

affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein (including the releases contained herein).

7.4    Defendants and their Related Parties shall have no responsibility for or liability with respect to the payment of any Fee and Expense Award to any counsel for Plaintiffs, or with respect to the allocation among Plaintiffs' counsel, and/or any other Person who may assert some claim thereto, and Defendants and their Related Parties shall take no position with respect to Lead Counsel's Fee and Expense Application.

**8.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1    The Effective Date of this Stipulation shall be conditioned, and shall be deemed to have occurred, upon the occurrence or waiver of all of the following events:

(a)    the Court has entered the Notice Order, as required by ¶4.1 hereof;

(b)    the Settlement Amount has been deposited by Defendants or their insurers into the Escrow Account maintained by the Escrow Agent, as required by ¶2.1 hereof;

(c)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)    the Court has entered the Judgment, in the form of Exhibit B attached hereto, or such other substantially similar form mutually agreed to by the Settling Parties; and

(e)    the Judgment has become Final, as defined in ¶1.13 hereof.

8.2    Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.5 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

- 23 -

8.3     Defendants shall have the option to terminate the Settlement in the event that Persons who purchased or acquired more than a certain number of shares of Terex common stock during the Settlement Class Period choose to exclude themselves from the Settlement Class ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel, which is incorporated by reference into this Stipulation.  The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.

8.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, then within ten (10) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶2.7 and paid from the Settlement Fund and Taxes and Tax Expenses that have been paid pursuant to ¶2.8 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from counsel for Defendants.  At the request of Defendants' counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from Defendants' counsel.

8.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of February 8, 2019. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7-2.9, 8.3-8.4, 8.6, 9.4 and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or

- 24 -

order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

8.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed for notice costs and Taxes and Tax Expenses pursuant to ¶¶2.7-2.8 hereof. In addition, any expenses already incurred and properly chargeable pursuant to ¶2.7 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.9 and 8.4 hereof.

8.7    If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at Plaintiffs' option, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

**9.    Miscellaneous Provisions**

9.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Released Parties and the Plaintiffs shall not make any accusations of wrongful or actionable conduct by either party concerning the Released Parties' conduct during the Settlement Class Period or concerning the Released Parties' or Plaintiffs' prosecution, defense, or resolution of this Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

9.3     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal. Defendants and their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     Defendants and their Related Parties are intended third-party beneficiaries of this Stipulation, and this Stipulation may be enforced by such Persons.

- 26 -

1539804_3

9.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

9.6    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.8    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9    The Stipulation and the exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any Settling Party concerning the Stipulation or its exhibits or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.10    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that it deems appropriate.

9.11    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

- 27 -

9.12    The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.15    The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Connecticut, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Connecticut without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated March 27, 2019.

> DISERIO MARTIN O'CONNOR &
> CASTIGLIONI LLP
> JONATHAN P. WHITCOMB (ct15014)
>
> _____
> JONATHAN P. WHITCOMB
>
> One Atlantic Street
> Stamford, CT 06901
> Telephone:  203/358-0800
> 203/348-2321 (fax)
>
> Liaison Counsel

- 28 -

1539804_3

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 W. Broadway, Suite 1900
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

SUGARMAN & SUSSKIND
HOWARD S. SUSSKIND
PEDRO A. HERRERA
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  305/529-2801
305/447-8115 (fax)

CAVANAGH & O'HARA
WILLIAM K. CAVANAGH, JR.
407 East Adams Street
Springfield, IL  62701
Telephone:  217/544-1771
217/544-9894 (fax)

Additional Counsel for Plaintiffs

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
WILLIAM G. MCGUINNESS
ISRAEL DAVID
MICHAEL A. KLEINMAN


_____
WILLIAM G. MCGUINNESS

One New York Plaza
New York, New York 10004
Telephone: 212/859-8000
212/859-4000 (fax)
william.mcguinness@friedfrank.com
israel.david@friedfrank.com
michael.kleinman@friedfrank.com

Counsel for Defendants

- 30 -

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 32 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:09-cv-02083-RNC **(Consolidated)** |
| | ) ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| | ) | [PROPOSED] ORDER PRELIMINARILY |
| vs. | ) | APPROVING SETTLEMENT AND |
| | ) | PROVIDING FOR NOTICE |
| TEREX CORPORATION, et al., | ) ) | EXHIBIT A |
| Defendants. | ) ) | |
| | ) | |

1539818_3

WHEREAS, a class action is pending before the Court entitled *Sheet Metal Workers Local 32 Pension Fund v. Terex Corporation, et al.*, No. 3:09-cv-02083-RNC (the "Litigation");

WHEREAS, the Court has received the Settlement Agreement, dated March 27, 2019 (the "Stipulation"), that has been entered into by the Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Settling Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation on the merits and with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement**.  The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.    The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

3.    **Settlement Hearing**.  A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2019, at __:__ _.m., at the United States Courthouse, 450 Main

- 1 -

Street, North Courtroom, Hartford, Connecticut, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as defined in ¶1.15 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; to determine any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); to hear any objections by Settlement Class Members to: (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Lead Counsel; and (iii) the award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and to consider such other matters the Court deems appropriate.  The Court may adjourn the Final Approval Hearing without further notice to Members of the Settlement Class.

4.    **Settlement Class Certification**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class of all Persons who purchased or acquired the publicly-traded common stock of Terex from February 20, 2008 through and including February 11, 2009, and who were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, members of each Defendant's immediate family, any entity in which any Defendant has or had a controlling interest, directors of Terex during the Settlement Class Period, and Defendants' legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

5.    **Settlement Class Findings**.  With respect to the Settlement Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which

- 2 -

predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.     **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim") and the Summary Notice ("Summary Notice") annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶7 of this Notice Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, the Rules of the Court and all other applicable law and rules, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.     **Retention of Claims Administrator and Manner of Notice**.  Lead Counsel is hereby authorized to retain Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than _____, 2019 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms

annexed hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www.TerexSecuritiesSettlement.com;

        (b)    Not later than _____, 2019, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service;

        (c)    Not later than _____, 2019, the Claims Administrator shall cause the Stipulation and its Exhibits to be posted on the following website: www.TerexSecuritiesSettlement.com; and

        (d)    On or before _____, 2019, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

        8.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund in connection with administering the Settlement, as provided in the Stipulation.

        9.    **Nominee Procedures**.  Nominees who hold or held Terex common stock purchased or acquired between February 20, 2008 and February 11, 2009, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners of such Terex common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such

- 4 -

beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Nominees who do not intend to comply with the provisions of this paragraph shall be requested to notify the Claims Administrator of that fact.

10.     **Participation in the Settlement**.  All Members of the Settlement Class (except Persons who request exclusion pursuant to ¶12 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

11.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2019.  Any Settlement Class Member who does not submit a Proof of Claim within the time provided for (a) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class, including, without limitation, the Judgment and the releases provided for therein; (b) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Stipulation; and (c) shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or

allowed by the Stipulation. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Plaintiffs' counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

12.     **Exclusion from the Settlement Class**. Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and counsel for Defendants of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail.

13.     All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

14.     **Appearance and Objections at Settlement Hearing**. Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If he, she or it does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.     Any Settlement Class Member may appear and show cause, if he, she or it has any reason, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel or Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and

- 6 -

conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel or Plaintiffs, unless that Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Connecticut, on or before _____, 2019, and delivered copies of any such papers to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101 and to Fried, Frank, Harris, Shriver & Jacobson LLP, Israel David and Michael A. Kleinman, One New York Plaza, New York, NY 10004, such that they are received on or before the same date.  Any Settlement Class Member who does not make his, her or its objection in the manner provided in this Notice Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or Plaintiffs, unless otherwise ordered by the Court.

16.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and whether any application for attorneys' fees or expenses shall be approved.

17.     **Settlement Fund**.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     **Supporting Papers**.  All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses shall be filed and served on or before _____, 2019.  Any reply papers in response to objections shall be filed and served on or before _____, 2019.

- 7 -

1539818_3

19.     Defendants shall not have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     **Use of this Order**.  Neither this Notice Order nor the proposed Settlement (including the Stipulation), nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss.

21.     **Termination**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Notice Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22.     **Stay of Proceedings**.  All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Released Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

- 8 -

23.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: _____     _____
THE HONORABLE ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 32 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No.  3:09-cv-02083-RNC **(Consolidated)** |
| | ) | |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| | ) | NOTICE OF PENDENCY AND PROPOSED |
| vs. | ) | SETTLEMENT OF CLASS ACTION |
| | ) | |
| TEREX CORPORATION, et al., | ) | EXHIBIT A-1 |
| | ) | |
| Defendants. | ) | |
| | ) | |

*IF YOU PURCHASED OR ACQUIRED TEREX CORPORATION ("TEREX") COMMON STOCK BETWEEN FEBRUARY 20, 2008 AND FEBRUARY 11, 2009, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.[1]*

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have.  If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.**

**Securities and Time Period**:  Terex common stock (CUSIP No. 880779103) purchased or acquired between February 20, 2008 and February 11, 2009, inclusive.

**Settlement Fund**: $10,000,000 in cash.  Your recovery will depend on the number of shares of Terex common stock you purchased or acquired between February 20, 2008 and February 11, 2009, inclusive, and the timing of your purchases and any sales.  If claims are submitted for 100% of the eligible shares of Terex common stock, the estimated average recovery per share of common stock will be approximately $0.09 before deduction of Court-approved fees and expenses.  The actual amount per share you could receive will depend on a number of factors, which are explained in the Plan of Allocation contained below.

**Settlement Class**: The Court has conditionally certified a Settlement Class of all purchasers or acquirers of Terex common stock from February 20, 2008 through and including February 11, 2009, and who were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants; members of each Defendant's immediate family; any entity in which any Defendant has or had a controlling interest; directors of Terex during the Settlement Class Period; and Defendants' legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from

---

[1]      Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement dated March 27, 2019 (the "Stipulation"), which is available on the website established for the Settlement at www.TerexSecuritiesSettlement.com.

the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

**Reasons for Settlement**:  The Settlement avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a benefit to the Settlement Class now.

**If the Case Had Not Settled**:  The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals.  A trial is a risky proposition and the Plaintiffs might not have prevailed.  The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony.  Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the statements alleged by the Plaintiffs were material, false, misleading or otherwise actionable under the securities laws; (3) whether the various facts alleged by the Plaintiffs influenced the trading prices of Terex common stock during the relevant period; (4) the method for determining whether the prices of Terex common stock were artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses**:  Lead Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of the Plaintiffs and the Settlement Class.  Lead Counsel will ask the Court for attorneys' fees not to exceed 31% of the Settlement Fund and expenses up to $225,000 to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.03, making the estimated average recovery per share after fees and expenses $0.06 if claims are submitted for 100% of the eligible shares of Terex common stock.

- 2 -

Claims Administrator:                Lead Counsel:
*Terex Securities Litigation*        Rick Nelson
Claims Administrator                 c/o Shareholder Relations
c/o Gilardi & Co. LLC                Robbins Geller Rudman & Dowd LLP
P.O. Box 404119                      655 West Broadway, Suite 1900
Louisville, KY 40233-4119            San Diego, CA 92101
                                     Telephone: 1-800-449-4900

- Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM** | This is the only way to be eligible to receive a payment.  If you are a Settlement Class Member, and do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined below) that you have against the Defendants and the other "Released Parties" (as defined below).  Proofs of Claim must be postmarked (if mailed) or received (if submitted online) on or before _____, 2019. |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.  You will still be a Member of the Settlement Class.  Objections must be received by the Court and counsel for the Settling Parties on or before _____, 2019. |
| **GO TO A HEARING ON _____, 2019 at _____ _.m.** | Filing a written objection and notice of intention to appear by _____, 2019, allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[2] |
| **DO NOTHING** | If you are a Member of the Settlement Class and you do not submit a Proof of Claim and Release form by _____, 2019, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the action. |

---

[2]     The Court may change this date to a later date and/or time without further written notice to you.  However, any different date or time will be posted on the Claims Administrator's website: www.TerexSecuritiesSettlement.com.

**EXCLUDE**          If you exclude yourself from the Settlement Class, you will not be
**YOURSELF**          eligible to receive any payment from the Settlement Fund.  This is the
                     only option that potentially allows you to participate in another lawsuit
                     against the Defendants or the other Released Parties relating to the
                     Released Claims being released in this case.  Should you elect to
                     exclude yourself from the Settlement Class, you should understand that
                     Defendants and the other Released Parties will have the right to assert
                     any and all defenses they may have to any claims that you may seek to
                     assert, including, without limitation, the defense that any such claims are
                     untimely under applicable statutes of limitations and statutes of repose.
                     Exclusions must be postmarked on or before _____, 2019.

- These rights and options – **_and the deadlines to exercise them_** – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.      Why Did I Receive This Notice Package?

You or someone in your family may have purchased or acquired Terex common stock between February 20, 2008 and February 11, 2009, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Connecticut, and the case is known as _Sheet Metal Workers Local 32 Pension Fund v. Terex Corporation, et al._, No. 3:09-cv-02083-RNC.  The institutions that sued, Sheet Metal Workers Local 32 Pension Fund and Ironworkers St. Louis District Council Pension Fund, are called the Lead

- 4 -

Plaintiffs, and Sheet Metal Workers Local #218(S) Pension Fund is an additional plaintiff (together, "Plaintiffs"), Terex and the individuals they sued, Ronald M. DeFeo, Philip Widman, Thomas J. Riordan, Tim Ford, and Jonathan D. Carter, are called the Defendants.

## 2.      What Is This Lawsuit About?

This case was brought as a class action alleging that Defendants made false and misleading statements about Terex's business and financial results between February 20, 2008 and February 11, 2009, inclusive.  Plaintiffs allege that Defendants misled investors about Terex's accounting practices and financial condition.  Plaintiffs assert that as a result of these and other actions, the market price of Terex's common stock was artificially and improperly inflated between February 20, 2008 and February 11, 2009, inclusive.  Thus, Plaintiffs allege that Settlement Class Members overpaid for Terex common stock during the relevant time periods.  Defendants have vigorously denied and continue to vigorously deny that they did anything wrong.

## 3.      What Has Happened So Far In This Case?

The operative complaint in the Litigation, Consolidated Class Action Complaint for Violations of Securities Laws (Corrected) (the "Complaint"), was filed on December 3, 2010.  On January 18, 2011, the Defendants moved to dismiss the Complaint.  By Ruling and Order dated March 31, 2018, the Court granted in part and denied in part the Defendants' motion to dismiss.  The Court dismissed all claims against the Dismissed Defendants, dismissed the §20(a) claim against Mr. Riordan, and narrowed the remaining §10(b) claims against Terex and Mr. Riordan.

Following the Court's ruling on the motion to dismiss, in October 2018, the parties to the Litigation commenced mediation efforts under the auspices of the Honorable Daniel Weinstein (Ret.).  In the months following, Judge Weinstein engaged in numerous discussions and communications with the parties to explore a potential resolution of the matter.  On February 8,

1539838_3

2019, the parties agreed on the amount of the Settlement Fund and the negotiated key terms of the Settlement.

**4.    Why Is This A Class Action?**

In a class action, a class representative (in this case the Court-appointed Lead Plaintiffs Sheet Metal Workers Local 32 Pension Fund and Ironworkers St. Louis District Council Pension Fund) sues on behalf of people who have similar claims.  Here, all these people are called the Settlement Class or Settlement Class Members.  One court resolves the issues for all Settlement Class Members, except for those who timely and validly exclude themselves from the Settlement Class.  Judge Robert N. Chatigny is presiding over this class action.

**5.    Why Is There A Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  That way they avoid the cost and uncertainty of a trial, and eligible Settlement Class Members who submit valid claims will receive compensation.  Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

**6.    How Do I Know If I Am Part of the Settlement?**

The Settlement Class includes ***all purchasers or acquirers of Terex publicly-traded common stock during the Settlement Class Period, which is between February 20, 2008 and February 11, 2009, inclusive, and who were allegedly damaged thereby***.

**7.    What Are the Exceptions to Being Included?**

You are not a Settlement Class Member if you are a Defendant, a member of a Defendant's immediate family, an entity in which a Defendant has or had a controlling interest, a director of

- 6 -

Terex during the Settlement Class Period, or a Defendant's legal representative, heir, successor, or assign of any such excluded party.  You are also not a Settlement Class Member if you timely and validly request exclusion from the Settlement Class pursuant to this Notice.

If you sold Terex common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member.  You are a Settlement Class Member only if you purchased or acquired Terex common stock during the Settlement Class Period.

**8.      I'm Still Not Sure If I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call a representative of Lead Counsel, Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP at (800) 449-4900 for more information.  Or you can fill out and return the claim form described in Question 11, to see if you qualify.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**9.      What Does the Settlement Provide?**

Defendants have agreed to cause to be paid $10 million in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid claim forms.

**10.     How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in and the number of shares of Terex common stock you purchased or acquired during the relevant period and when you bought and whether you sold them.  As discussed above in answer to Question 2, Plaintiffs contend that, during the Settlement Class Period,

- 7 -

Defendants misrepresented and/or failed to disclose certain important facts about Terex's business. Plaintiffs assert that, as a result, the price of Terex common stock was "artificially inflated" during the Settlement Class Period and that Settlement Class Members paid more for Terex common stock than they would have if the truth were known. The Plan of Allocation described below is based on this damage theory as well as U.S. Supreme Court decisions that limit recovery for certain purchases and sales during the Settlement Class Period.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Terex common stock purchased or otherwise acquired during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Terex common stock was purchased or otherwise acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Settlement Class Members send in and how many shares of Terex common stock you purchased or otherwise acquired during the Settlement Class Period, and whether you sold any of those shares and when you sold them.

- 8 -

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  The allocation below is based on the following inflation per share amounts for Settlement Class Period common stock purchases, acquisitions and sales as well as the statutory PSLRA 90 day-look back amount of $10.89.  Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is $0.00.

**Terex Corporation
CUSIP: 880779103**

| Inflation Period | Inflation per Share |
|---|---|
| February 20, 2008 – September 3, 2008 | $8.29 |
| September 4, 2008 – October 22, 2008 | $1.99 |
| October 23, 2008 – February 11, 2009 | $0.11 |

For shares of Terex common stock *purchased, or acquired, on or between February 20, 2008 through February 11, 2009*, the claim per share shall be as follows:

(a)     If sold prior to September 4, 2008, the claim per share is $0.00.

(b)     If sold on or between September 4, 2008 through February 11, 2009, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

(c)     If retained at the end of February 11, 2009 and sold on or before May 11, 2009, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

(d)      If retained at the close of trading on May 11, 2009, or sold thereafter, the

claim per share shall be the lesser of: (i) the inflation per share at the time of

purchase; and (ii) the difference between the purchase price and $10.89.

| Date | Price | Closing Price |
|------|-------|---------------|
| 12-Feb-09 | $9.45 | $9.45 |
| 13-Feb-09 | $9.67 | $9.56 |
| 17-Feb-09 | $8.05 | $9.06 |
| 18-Feb-09 | $8.09 | $8.82 |
| 19-Feb-09 | $7.77 | $8.61 |
| 20-Feb-09 | $8.18 | $8.54 |
| 23-Feb-9 | $7.57 | $8.40 |
| 24-Feb-09 | $8.40 | $8.40 |
| 25-Feb-09 | $8.44 | $8.40 |
| 26-Feb-09 | $7.89 | $8.35 |
| 27-Feb-09 | $8.92 | $8.40 |
| 2-Mar-09 | $7.73 | $8.35 |
| 3-Mar-09 | $7.78 | $8.30 |
| 4-Mar-09 | $8.62 | $8.33 |
| 5-Mar-09 | $7.77 | $8.29 |
| 6-Mar-09 | $7.63 | $8.25 |
| 9-Mar-09 | $7.90 | $8.23 |
| 10-Mar-09 | $9.28 | $8.29 |
| 11-Mar-09 | $9.32 | $8.34 |
| 12-Mar-09 | $9.85 | $8.42 |
| 13-Mar-09 | $9.60 | $8.47 |
| 16-Mar-09 | $9.59 | $8.52 |
| 17-Mar-09 | $9.81 | $8.58 |
| 18-Mar-09 | $10.07 | $8.64 |
| 19-Mar-09 | $9.89 | $8.69 |
| 20-Mar-09 | $9.12 | $8.71 |
| 23-Mar-09 | $10.40 | $8.77 |
| 24-Mar-09 | $10.46 | $8.83 |
| 25-Mar-09 | $10.26 | $8.88 |
| 26-Mar-09 | $10.94 | $8.95 |
| 27-Mar-09 | $10.95 | $9.01 |
| 30-Mar-09 | $9.43 | $9.03 |
| 31-Mar-09 | $9.25 | $9.03 |
| 1-Apr-09 | $9.74 | $9.05 |
| 2-Apr-09 | $10.54 | $9.10 |
| 3-Apr-09 | $11.22 | $9.16 |
| 6-Apr-09 | $11.09 | $9.21 |
| 7-Apr-09 | $10.43 | $9.24 |
| 8-Apr-09 | $10.55 | $9.27 |
| 9-Apr-09 | $12.01 | $9.34 |

- 10 -

| Date | Price | Closing Price |
|------|-------|---------------|
| 13-Apr-09 | $12.37 | $9.42 |
| 14-Apr-09 | $11.94 | $9.48 |
| 15-Apr-09 | $12.38 | $9.54 |
| 16-Apr-09 | $12.56 | $9.61 |
| 17-Apr-09 | $12.70 | $9.68 |
| 20-Apr-09 | $11.30 | $9.72 |
| 21-Apr-09 | $12.10 | $9.77 |
| 22-Apr-09 | $11.67 | $9.81 |
| 23-Apr-09 | $11.77 | $9.85 |
| 24-Apr-09 | $12.98 | $9.91 |
| 27-Apr-09 | $12.41 | $9.96 |
| 28-Apr-09 | $12.34 | $10.00 |
| 29-Apr-09 | $13.50 | $10.07 |
| 30-Apr-09 | $13.80 | $10.14 |
| 1-May-09 | $14.90 | $10.23 |
| 4-May-09 | $15.50 | $10.32 |
| 5-May-09 | $16.03 | $10.42 |
| 6-May-09 | $16.58 | $10.53 |
| 7-May-09 | $15.42 | $10.61 |
| 8-May-09 | $17.90 | $10.73 |
| 11-May-09 | $16.02 | $10.82 |
| 12-May-09 | $15.29 | $10.89 |

In the event a Class Member has more than one purchase or acquisition or sale of Terex common stock, during the Settlement Class Period, all such purchases and sales shall be matched on a First-In, First-Out ("FIFO") basis. Sales will be matched against purchases in chronological order, beginning with the earliest purchase made during the relevant period.

A purchase, acquisition or sale of Terex common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Terex common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Terex common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Terex common stock during the Settlement Class Period in exchange for securities of any

- 11 -

other corporation or entity shall not be deemed a purchase, acquisition or sale of Terex common stock.

With respect to Terex common stock purchased or sold through the exercise of an option, the purchase/sale date of the shares is the exercise date of the option and the purchase/sale price of the share is the exercise price of the option.  Any recognized claim arising from purchases of Terex common stock acquired during the Settlement Class Period through the exercise of an option on Terex common stock shall be computed as provided for other purchases of Terex common stock in the Plan of Allocation.

The total of all profits shall be subtracted from the total of all losses from transactions during the Settlement Class Period to determine if a Settlement Class Member has a recognized claim. Only if a Settlement Class Member had a net market loss, after all profits from transactions in Terex common stock during the Settlement Class Period are subtracted from all losses, will such Settlement Class Member be eligible to receive a distribution from the Net Settlement Fund.

If an Authorized Claimant has an overall market gain, the recognized claim for that Authorized Claimant will be $0.00.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants.  No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the

- 12 -

balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Plaintiffs, Lead Counsel, any Claims Administrator, any other Person designated by Plaintiffs' counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM

**11.     How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a timely and valid claim form, and properly document your claim as requested in the claim form.  A claim

1539838_3

form is enclosed with this Notice, or it may be downloaded at www.TerexSecuritiesSettlement.com.
Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it,
and mail it such that it is postmarked no later than _____, 2019, or submit it online by no
later than _____, 2019.

**12.      When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2019, at __:__ _.m., to decide whether to
approve the Settlement.  If Judge Chatigny approves the Settlement, there may be appeals.  It is
always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps
several years.  Please be patient.

**13.      What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are a Member of the Settlement Class,
and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the
Defendants or any of the Released Parties about the Released Claims in this case.  It also means that
all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice
on the merits, will apply to you and legally bind you and you will release all Released Claims in this
case against the Defendants and any other Released Parties.

"**Released Claims**" means any and all claims (including Unknown Claims), rights, demands,
liabilities or causes of action of every nature and description whatsoever (including, but not limited
to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs,
expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this
action, by or on behalf of Plaintiffs or any other Settlement Class Members against any of the
Released Parties that have been alleged or could have been alleged in this action (or in any forum or
proceeding or otherwise), whether based on federal, state, local, statutory, or common law or any
other law, rule, or regulation, whether known claims or Unknown Claims, whether class,

- 14 -

representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of both (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in this action (or in any forum or proceeding or otherwise), and (ii) Plaintiffs' or any other Settlement Class Member's purchase, acquisition, holding, or sale or other disposition of Terex common stock purchased during the Settlement Class Period.  Released Claims do not include or release the derivative action styled *Derrer v. DeFeo*, Case No. 3:10-cv-00550-RNC, but only in respect of the derivative claims that were asserted in that action.  Additionally, Released Claims do not release or otherwise impact any claims to enforce the terms of the Stipulation.

"**Unknown Claims**" means collectively any Released Claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

"**Released Parties**" means each and all of the Defendants, and each and all of their respective Related Parties.

"**Related Parties**" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate

- 16 -

family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

The Judgment will also provide that upon the Effective Date, without any further action by anyone, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form.  It is an important element of the Defendants' participation in the Settlement, which Plaintiffs have acknowledged, that the Released Parties obtain the fullest possible legally enforceable release from further liability to any Settlement Class Member relating to the Released Claims, and it is the intention of the Settling Parties that all further liability of the Defendants and each of their Related Parties relating to the Released Claims hereby be eliminated.  These releases and waivers were separately bargained for and are essential elements of the Settlement.

Moreover, upon the Effective Date, the Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants or any Released Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may

- 17 -

want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

**14.    How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class you must send a letter by mail stating that you want to be excluded from *Sheet Metal Workers Local 32 Pension Fund v. Terex Corporation, et al.*, No. 3:09-cv-02083-RNC.  You must include your name, address, telephone number, your signature, and the number of shares of Terex common stock you purchased or acquired between February 20, 2008 and February 11, 2009, inclusive, the dates of your purchases, the purchase price, and the dates and sale price of any sales.  You must mail your exclusion request postmarked no later than _____, 2019, to:

> *Terex Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> EXCLUSIONS
> 3301 Kerner Blvd.
> San Rafael, CA 94901

You cannot exclude yourself on the phone or by e-mail.  If you properly ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

**15.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and certain other Released Parties for the Released Claims in this Settlement.  If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2019.

**16.     If I Exclude Myself, Can I Receive Money From This Settlement?**

No.  If you exclude yourself, do not send in a claim form.  But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants.

**THE LAWYERS REPRESENTING YOU**

**17.     Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be directly charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.     How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed 31% of the Settlement Fund and for expenses up to $225,000, plus interest that is incurred.  In addition, Plaintiffs may seek in the aggregate, $7,500 in connection with their representation of the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis.  Lead Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class.  To date, Lead Counsel has not been paid for its services in conducting this Litigation on behalf of the Plaintiffs and the Settlement Class, nor for its expenses.  The fees requested will compensate Lead Counsel for its work in achieving the Settlement Fund.  The Court will decide what is a reasonable fee award and may award less than the amount requested by Lead Counsel.

- 19 -

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.     How Do I Tell the Court That I Do Not Like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses.  You can state the reasons why you think the Court should not approve it.  The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Sheet Metal Workers Local 32 Pension Fund v. Terex Corporation, et al.*, No. 3:09-cv-02083-RNC.  You must include your name, address, telephone number, your signature, the number of shares of Terex common stock you purchased or acquired between February 20, 2008 and February 11, 2009, inclusive, the number of any shares sold, the dates of purchases and of any sales, and the reasons you object.  Any objection **must** be mailed or delivered such that it is **received** by **each** of the following no later than _____, 2019:

> *Court:*
>
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> District of Connecticut
> 450 Main Street
> Hartford, CT 06103
>
> *Counsel for Plaintiffs:*
>
> Ellen Gusikoff Stewart
> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> *Counsel for Defendants*:
>
> Israel David
> Michael A.  Kleinman
> FRIED, FRANK, HARRIS,
>   SHRIVER & JACOBSON LLP
> One New York Plaza
> New York, NY 10004

1539838_3

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and expenses. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval**.

**20.    What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

**21.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at __:__ _.m., on _____, 2019, at the United States Courthouse, 450 Main Street, North Courtroom, Hartford, Connecticut.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.[3]  The Court may move the date or time of the fairness hearing to a later date and/or time without further written notice to you.  If the date or time of the fairness hearing is changed the new date and/or time will be posted at www.TerexSecuritiesSettlement.com.  If there are objections, the Court will consider them.  Judge Chatigny will listen to people who have asked to speak at the hearing.  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

---

[3]    The papers in support of approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense application will be submitted to the Court no later than _____, 2019, and posted on the settlement website www.TerexSecuritiesSettlement.com within three days of filing.

**22.      Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer any questions Judge Chatigny may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**23.      May I Speak at the Hearing?**

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *Sheet Metal Workers Local 32 Pension Fund v. Terex Corporation, et al.*, No. 3:09-cv-02083-RNC.  You must include your name, address, telephone number, your signature, and the number of shares of Terex common stock you purchased or acquired between February 20, 2008 and February 11, 2009, inclusive.  Your notice of intention to appear must be received no later than _____, 2019, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in Question 19.  If you intend to present evidence or witnesses, you must disclose that information and explain it in your letter.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

<strong>IF YOU DO NOTHING</strong>

**24.      What Happens If I Do Nothing at All?**

If you do nothing, you will be a Settlement Class Member.  However, you will not receive any money from this Settlement unless you submit a claim form.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or any Released Parties about the Released Claims.

<strong>GETTING MORE INFORMATION</strong>

**25.      Are There More Details About the Settlement?**

1539838_3

This Notice summarizes the proposed Settlement.  More details are in the Stipulation dated March 27, 2019.   You can obtain a copy of the Stipulation by going to www.TerexSecuritiesSettlement.com, or by writing to Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or from the Clerk's office at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut during regular business hours.

**26.     How Do I Get More Information?**

You can call 1-800-449-4900 or write to Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the following website: www.TerexSecuritiesSettlement.com.

*DO NOT TELEPHONE THE DEFENDANTS OR THE COURT*

*REGARDING THIS NOTICE*

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

The Court has ordered that if you hold or held any Terex common stock purchased or acquired between February 20, 2008 and February 11, 2009, inclusive, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Terex Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 404119
> Louisville, KY 40233-4119

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you

will need to complete the mailing.  If you do not intend to comply with the provisions of this section you are requested to notify the Claims Administrator of that fact at the address listed above.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2019    _____

                                        BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF CONNECTICUT

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 32 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No.  3:09-cv-02083-RNC **(Consolidated)** |
| | ) ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | PROOF OF CLAIM AND RELEASE |
| vs. | ) ) | EXHIBIT A-2 |
| TEREX CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

## I.   GENERAL INSTRUCTIONS

1.      To recover as a Member of the Settlement Class based on your claims in the action entitled *Sheet Metal Workers Local 32 Pension Fund v. Terex Corporation, et al.*, No. 3:09-cv-02083-RNC (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").[1]  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE _____, 2019, ADDRESSED AS FOLLOWS:

> *Terex Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 404119
> Louisville, KY  40233-4119
> Online Submissions: www.TerexSecuritiesSettlement.com

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.      It is important that you completely read and understand the Notice that accompanied this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the

---

[1]    This Proof of Claim, incorporates by reference the definitions in the Settlement Agreement dated March 27, 2019 ("Stipulation"), which can be obtained at www.TerexSecuritiesSettlement.com.

Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim.  By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described and provided herein.

6.     The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

## II.     DEFINITIONS

1.     "Terex" means Terex Corporation.

2.     "Defendants" means Terex, Jonathan D. Carter, Ronald M. DeFeo, Tim Ford, Thomas J. Riordan, and Philip Widman.

3.     "Released Parties" means each and all of the Defendants, and each and all of their respective Related Parties (as defined below).

## III.    CLAIMANT IDENTIFICATION

1.     If you purchased or acquired Terex common stock and held the certificate(s) in your name, you are the beneficial owner as well as the record holder.  If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2.     You are a Settlement Class Member if you purchased or otherwise acquired Terex common stock from February 20, 2008 through and including February 11, 2009.  Excluded from the Settlement Class are Defendants, members of each Defendant's immediate family, any entity in

which any Defendant has or had a controlling interest, directors of Terex during the Settlement Class Period, and Defendants' legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

3.      Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the beneficial owner of such Terex common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR A PERSON AUTHORIZED TO ACT ON BEHALF OF SUCH OWNER(S), OF SUCH TEREX COMMON STOCK UPON WHICH THIS CLAIM IS BASED. Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name). Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by the entity, no matter how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in Terex common stock during the Settlement Class Period on one Proof of Claim, no matter in how many accounts the transactions were made).

4.      All joint owners (or a Person authorized to act on the owner's behalf) must sign this claim. Executors, administrators, guardians, conservators, trustees, or others authorized to act on behalf of a beneficial owner, must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner

- 3 -

may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.     CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Terex Common Stock" to supply all required details of your transaction(s) in Terex common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions, and *all* of your sales of Terex common stock that took place at any time between February 20, 2008 and May 12, 2009, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the shares of Terex common stock you held at the close of trading on February 19, 2008, February 11, 2009, and May 12, 2009.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Terex common stock.  The date of a "short sale" is deemed to be the date of the sale of Terex common stock.  A purchase or sale of Terex common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

5.      Broker confirmations or other documentation of your transactions in Terex common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6.      The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

7.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims processing will take substantial time to complete fully and fairly.  Please be patient.

PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  This is different from the online submission process that is available at www.TerexSecuritiesSettlement.com.  All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be

considered to have been submitted unless the Claims Administrator issues an email to that effect. Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*Sheet Metal Workers Local 32 Pension Fund v. Terex Corporation, et al.*

No. 3:09-cv-02083-RNC

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2019

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN TEREX COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM**.

PART I.               CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____

| City | State | Zip Code |
|------|-------|----------|

_____

| Foreign Province | Foreign Country |
|------------------|-----------------|

_____

Individual

- 6 -

Social Security Number or
Taxpayer Identification Number  _____     Corporation/Other

_____     _____     (work)
Area Code                          Telephone Number

_____     _____     (home)
Area Code                          Telephone Number

Record Holder's Name (if different from beneficial owner listed above)


PART II.              SCHEDULE OF TRANSACTIONS IN TEREX COMMON STOCK


A.    Number of shares of Terex common stock held at the close of trading on February
      19, 2008: _____

B.    Purchases or acquisitions of Terex common stock (February 20, 2008 – May 12,
      2009, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased/Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT:

(i)     If any purchase listed covered a "short sale," please mark Yes: ☐ Yes

(ii)    If you received shares through an acquisition, or merger, please

identify the date, the share amount, and the company acquired.

☐ ☐/ ☐ ☐/ ☐ ☐ ☐ ☐   _____   _____
M  M   D  D   Y  Y  Y  Y     Merger Shares              Company

C.    Sales of Terex common stock (February 20, 2008 – May 12, 2009, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

- 7 -

1539887_3

      D.      Number of shares of Terex common stock held at the close of trading on February 11, 2009: _____

      E.      Number of shares of Terex common stock held at the close of trading on May 12, 2009: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

## V.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation, described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Connecticut, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Terex common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## VI.  RELEASE

1.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Released Claims against each and all of the Defendants and each and all of their respective "Related Parties." The term "Related Parties" as defined herein means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal

- 8 -

or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

2.      "Released Claims" shall collectively mean any and all claims (including Unknown Claims as defined below), rights, demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this action, by or on behalf of Plaintiffs or any other Settlement Class Members against any of the Released Parties that have been alleged or could have been alleged in this action (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of both (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in this action (or in any forum or proceeding or otherwise), and (ii) Plaintiffs' or any other Settlement Class Member's purchase, acquisition, holding, or sale or other disposition of Terex common stock purchased during the Settlement Class Period.  Released Claims do not include or release the derivative action styled *Derrer v. DeFeo*, Case No. 3:10-cv-00550-RNC, but only in respect of the derivative claims that

- 9 -

were asserted in that action.  Additionally, Released Claims do not release or otherwise impact any claims to enforce the terms of the Stipulation.

3.      "Unknown Claims" means collectively any Released Claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to

- 10 -

the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

4.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Terex common stock that occurred during the Settlement Class Period as well as the number of shares of Terex common stock held by me (us) at the close of trading on February 19, 2008, February 11, 2009, and May 12, 2009.

7.      I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class, as defined in the Notice.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of **_____**

(Month/Year)

in **_____**, **_____**

(City)                                           (State/Country)

(Sign your name here)

(Type or print your name here)

(Capacity of person(s) signing, *e.g.*,
Beneficial Owner, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE

**Reminder Checklist:**

1. Please sign the above release and acknowledgment.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

- 12 -

1539887_3

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 32 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:09-cv-02083-RNC **(Consolidated)** |
| | ) | |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| | ) | SUMMARY NOTICE |
| vs. | ) ) | EXHIBIT A-3 |
| TEREX CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

1539923_3

TO: ALL PERSONS WHO PURCHASED OR ACQUIRED TEREX CORPORATION ("TEREX") COMMON STOCK FROM FEBRUARY 20, 2008 THROUGH AND INCLUDING FEBRUARY 11, 2009

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Connecticut (the "Court") and Rule 23 of the Federal Rules of Civil Procedure, that (i) the above-captioned litigation (the "Litigation") has been preliminarily certified as a class action on behalf of a class of all Persons who purchased or acquired the publicly-traded common stock of Terex from February 20, 2008 through and including February 11, 2009, and who were allegedly damaged thereby, except for certain Persons excluded from the Settlement Class as defined in the full printed Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is available as described below; and (ii) Plaintiffs in the Litigation have reached an agreement to settle the Litigation for an aggregated settlement payment of $10 million in cash (the "Settlement"). If the Settlement is approved it will resolve all claims in the Litigation.  Any capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement dated March 27, 2019 (the "Stipulation"), and the Notice.

A hearing will be held on _____, 2019, at __:__ _.m., before the Honorable Robert N. Chatigny, at the United States Courthouse, 450 Main Street, North Courtroom, Hartford, Connecticut for the purpose of determining: (1) whether the proposed settlement of the claims in the Litigation for the sum of $10,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation; (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the

1539923_3

application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (which may include payments to the Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 in connection with their representation of the Settlement Class).

If you purchased or acquired Terex common stock during the period between February 20, 2008 and February 11, 2009, inclusive, your rights may be affected by the settlement of this Litigation.  If you have not received a detailed Notice and a copy of the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies (as well as a copy of the Stipulation) by writing to *Terex Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 404119, Louisville, KY 40233-4119, or by downloading this information at www.TerexSecuritiesSettlement.com.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must either submit a Proof of Claim online at www.TerexSecuritiesSettlement.com by _____, 2019, or by mail postmarked no later than _____, 2019, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion postmarked by _____, 2019, in the manner and form explained in the detailed Notice referred to above.  All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement must be filed with the Clerk of the Court and also mailed or delivered such that it is ***received*** by ***each*** of the following no later than _____, 2019:

> *Court*:
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> DISTRICT OF CONNECTICUT
> 450 Main Street
> Hartford, CT 06103

- 2 -

1539923_3

*Counsel for Plaintiffs:*

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants:*

Israel David
Michael A. Kleinman
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York
Plaza New York, NY 10004

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE**.  If you have any questions about the Settlement, you may contact counsel for

Plaintiffs at the address listed above or go to the following website:

www.TerexSecuritiesSettlement.com.

DATED: _____, 2019      _____

                                      BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      DISTRICT OF CONNECTICUT

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 32 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TEREX CORPORATION, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:09-cv-02083-RNC<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

This matter came before the Court for hearing on _____, 2019, pursuant to an Order of this Court, dated _____, 2019, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement, dated March 27, 2019 (the "Stipulation").  Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on March 27, 2019.  All terms used herein shall have the same meanings set forth in the Stipulation, unless otherwise defined herein.

2.     **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.     **Settlement Class Certification**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement only, a Settlement Class of all Persons who purchased or acquired the publicly-traded common stock of Terex from February 20, 2008 through and including February 11, 2009, and who were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, members of each Defendant's immediate family, any entity in which any Defendant has or had a controlling interest, directors of Terex during the Settlement Class Period, and Defendants' legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice, as set forth in Exhibit 1 attached hereto.

4.     With respect to the Settlement Class, this Court finds, for the purposes of effectuating this Settlement only, that: (a) the Members of the Settlement Class are so numerous that joinder of

- 1 -

1539924_3

all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.      **Final Settlement Approval and Dismissal of Claim**s.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed on the merits and with prejudice as to the Plaintiffs and all of the other Members of the Settlement Class, and as against each and all of the Released Parties.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects (including, without limitation, the Settlement Amount, the releases provided for therein, including the release of the Released Claims as against the Released Parties, and the dismissal with prejudice of claims against the Defendants), fair, reasonable, and adequate to, and is in the best interests of, the Plaintiffs and each of the Settlement Class Members.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel

1539924_3

representing the interests of the Plaintiffs, the Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.      **Releases**.  The releases as set forth in Section 5 of the Stipulation are expressly incorporated herein in all respects.  Accordingly, upon the Effective Date, without any further action by anyone, Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

8.      Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Settlement Class Members, and their counsel, employees, successors and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of (i) the Litigation or (ii) the Released Claims.

9.      Upon the Effective Date, Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

10.      **Notice**.  The distribution of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Notice Order; (b) constituted the best notice practicable

- 3 -

under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members (i) of the pendency of the Litigation, (ii) of the effect of the Settlement (including the releases provided for therein), (iii) of Lead Counsel's motion for an award of attorneys' fees and expenses, (iv) of their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and expenses, (v) of their right to exclude themselves from the Settlement Class, and (vi) of their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive such notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, the Rules of the Court, and all other applicable law and rules.  No Settlement Class Member is relieved from the terms of the Settlement (including the releases provided for therein), based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

11.     Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, *et seq.*  Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States and the Attorneys General in the states in which Members of the Settlement Class reside.  The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

12.     **Plan of Allocation and Fee and Expense Award**.  Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Award shall in no way disturb or affect this Judgment and

- 4 -

shall be considered separate from this Judgment.  Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

13.     Any appeal or any challenge affecting approval of: (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) this Court's approval regarding any attorney's fee and expense application shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

14.     In the event that the Effective Date does not occur, or this Judgment or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall be obligated, within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, to refund to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification.  Lead Counsel, as a condition of receiving the Fee and Expense Award, agrees that the law firm and its partners are subject to the jurisdiction of the Court for the purpose of enforcing this provision, and are each jointly and severally liable and responsible for any required repayment.  Without limitation, Lead Counsel and its partners agree that the Court may, upon application of the Defendants and notice to Lead Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Lead Counsel fail to timely repay fees and expenses pursuant to this provision.

15.     **No Admissions**.  Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the

- 5 -

validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and their Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.      **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation and enforcement of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Settlement Class Members and all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

17.      **Rule 11 Compliance**.  the Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18.      **Modification of the Stipulation**.  Without further approval from the Court, Plaintiffs and the Defendants are hereby authorized to mutually agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and the Defendants may mutually agree to reasonable extensions of time to carry out any provisions of the Settlement.

1539924_3

19.    **Termination**.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and each party shall be restored to his, her or its respective position as it existed prior to February 8, 2019.

20.    **Entry of Final Judgment**.   There is no just reason to delay the entry of this Judgment as a final judgment as against all the Defendants.   Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against all the Defendants. The Settlement Parties are hereby directed to perform the terms of the Stipulation.

DATED: _____      _____
                                THE HONORABLE ROBERT N. CHATIGNY
                                UNITED STATES DISTRICT JUDGE

- 7 -

1539924_3