UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 32 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 3:09-cv-02083-RNC **(Consolidated)** |
| Plaintiff, | ) ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| TEREX CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

WHEREAS, a class action is pending before the Court entitled *Sheet Metal Workers Local 32 Pension Fund v. Terex Corporation, et al.*, No. 3:09-cv-02083-RNC (the "Litigation");

WHEREAS, the Court has received the Settlement Agreement, dated March 27, 2019 (the "Stipulation"), that has been entered into by the Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Settling Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation on the merits and with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement**. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

3. **Settlement Hearing**. A hearing (the "Final Approval Hearing") shall be held before this Court on July 29, 2019, at 10:00 a.m., at the United States Courthouse, 450 Main

- 1 -

1547069.v1

Street, North Courtroom, Hartford, Connecticut, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as defined in ¶1.15 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; to determine any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); to hear any objections by Settlement Class Members to: (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Lead Counsel; and (iii) the award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and to consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing without further notice to Members of the Settlement Class.

4. **Settlement Class Certification**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class of all Persons who purchased or acquired the publicly-traded common stock of Terex from February 20, 2008 through and including February 11, 2009, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, members of each Defendant's immediate family, any entity in which any Defendant has or had a controlling interest, directors of Terex during the Settlement Class Period, and Defendants' legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

5. **Settlement Class Findings**. With respect to the Settlement Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which

predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. **Approval of Form and Content of Notice.** The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim") and the Summary Notice ("Summary Notice") annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶7 of this Notice Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, the Rules of the Court and all other applicable law and rules, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. **Retention of Claims Administrator and Manner of Notice.** Lead Counsel is hereby authorized to retain Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than _May 6_, 2019 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms

- 3 -

1547069.v1

annexed hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www.TerexSecuritiesSettlement.com;

(b) Not later than ___April 22___, 2019, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service;

(c) Not later than ___April 22___, 2019, the Claims Administrator shall cause the Stipulation and its Exhibits to be posted on the following website: www.TerexSecuritiesSettlement.com; and

(d) On or before ___May 13___, 2019, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

8. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund in connection with administering the Settlement, as provided in the Stipulation.

9. **Nominee Procedures**. Nominees who hold or held Terex common stock purchased or acquired between February 20, 2008 and February 11, 2009, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners of such Terex common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such

beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Nominees who do not intend to comply with the provisions of this paragraph shall be requested to notify the Claims Administrator of that fact.

10. **Participation in the Settlement**. All Members of the Settlement Class (except Persons who request exclusion pursuant to ¶12 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

11. Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _August 13_, 2019. Any Settlement Class Member who does not submit a Proof of Claim within the time provided for (a) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class, including, without limitation, the Judgment and the releases provided for therein; (b) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Stipulation; and (c) shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or

allowed by the Stipulation. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Plaintiffs' counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

12. **Exclusion from the Settlement Class**. Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and counsel for Defendants of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail.

13. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

14. **Appearance and Objections at Settlement Hearing**. Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If he, she or it does not enter an appearance, he, she or it will be represented by Lead Counsel.

15. Any Settlement Class Member may appear and show cause, if he, she or it has any reason, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel or Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and

conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel or Plaintiffs, unless that Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Connecticut, on or before ___July 3___, 2019, and delivered copies of any such papers to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101 and to Fried, Frank, Harris, Shriver & Jacobson LLP, Israel David and Michael A. Kleinman, One New York Plaza, New York, NY 10004, such that they are received on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided in this Notice Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or Plaintiffs, unless otherwise ordered by the Court.

16. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and whether any application for attorneys' fees or expenses shall be approved.

17. **Settlement Fund**. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. **Supporting Papers**. All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses shall be filed and served on or before ___June 19___, 2019. Any reply papers in response to objections shall be filed and served on or before ___July 17___, 2019.

19.     Defendants shall not have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     **Use of this Order.** Neither this Notice Order nor the proposed Settlement (including the Stipulation), nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss.

21.     **Termination.** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Notice Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22.     **Stay of Proceedings.** All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Released Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

1547069.v1

- 9 -

23. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: 4/15/19

/s/ Honorable Robert N. Chatigny
THE HONORABLE ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE